UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| United States of America,<br><br>                     Plaintiff,<br><br>         v.<br><br>One 2017 Ford F-150 XLT Supercrew Truck, VIN: 1FTEW1EGXHFB89197 and one 2015 Honda Civic EX, VIN: 19XFB2F83FE208466,<br><br>                     Defendants. | Civil Action No.:   5:23-CV-1461 (DNH/TWD) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property and alleges as follows:

### NATURE OF THE ACTION

This is an action *in rem* brought pursuant to 21 U.S.C. §§ 881(a)(4) and (6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the above-captioned property as the proceeds of offenses in violation of 21 U.S.C. §§ 841 and 846.

Section 881(a)(4) provides for the forfeiture of: "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).  21 U.S.C. § 881(a)(4).

Section 881(a)(6) provides for the forfeiture of:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation

of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C.S. § 881(a)(6).

## THE PARTIES

1. The plaintiff is the United States of America.

2. The defendant property is set forth in detail below:

    a) one 2017 Ford F-150 XLT Supercrew Truck, VIN: 1FTEW1EGXHFB89197 ("the Defendant Ford"); and

    b) one 2015 Honda Civic EX, bearing VIN: 19XFB2F83FE208466, ("the Defendant Honda").

3. The Defendant Ford and Defendant Honda are collectively referred to herein as the Defendant Vehicles.

4. The Defendant Vehicles are presently in the custody of the United States of America.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Vehicles and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which

provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."  28 U.S.C. § 1355(b)(1)(A).

7. Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found."  28 U.S.C. § 1395(b).

## FACTS

8. Since June 2021, the Drug Enforcement Administration ("DEA"), in conjunction with the New York State Police ("NYSP"), the Oneida County Sheriff's Office, the Utica Police Department, and various other law enforcement agencies, have investigated the heroin and fentanyl trafficking activities of various members of the Rodriguez Drug Trafficking Organization ("Rodriguez DTO") in the Utica, New York region.

9. As part of the investigation, agents obtained Title III electronic surveillance warrants allowing for the monitoring of communications made over twelve (12) telephone lines connected to the Rodriguez DTO.

10. Additional federal warrants were issued allowing agents to conduct surveillance utilizing GPS trackers, phone pings, and pole cameras.

11. Utilizing these warrants, agents intercepted numerous electronic and wire communications and calls between and among members of the Rodriguez DTO, discussing narcotic trafficking activities in and around Utica, New York.

12. On October 20, 2021, agents simultaneously executed over twenty federal search warrants on various residences and businesses in Utica, New York connected to the Rodriguez DTO.

13. Among the residences identified in the search warrant were the residences for Eric Ares ("Ares") located at ███████████████ Utica, New York, ("Ares Residence"), and for Jose Morales ("Morales") located at ███████████████, Utica, New York ("Morales Residence").

14. When law enforcement arrived at the Ares Residence, they found Ares, Alicia Morelles, Ares' girlfriend, and three children present.

15. Once Ares was taken into custody without incident, officers searched the premises.

16. The following items were located in the Ares Residence and were seized by law enforcement: (1) a stolen Glock 27, .40 caliber handgun and ammunition found in a canvas bag on a shelf in Ares' closet; (2) a digital scale with white/tan residue found in the kitchen cabinet; (3) a small plastic bag containing 62 grams of fentanyl found in the headboard of the bed in Ares' bedroom; and (4) 24 miscellaneous debit cards scattered in various locations throughout the residence.

17. Agents also seized the Defendant Honda, parked in the parking lot adjacent to the Ares Residence.

18. The Defendant Honda was identified by agents as one of the vehicles observed on numerous occasions facilitating drug transactions.

19. At the same time the search was conducted at the Ares Residence, agents executed a federal search warrant on the Morales Residence.

20. The Morales Residence was occupied by Alondra Berrios, Morales's girlfriend, and three children.

21.  Once Berrios was detained, officers conducted a search of the master bedroom and found one plastic tie off containing 2.4 grams of fentanyl and one plastic tie off containing two grams of fentanyl in the dresser.

22.  While the Morales Residence was being search, members of the Utica Police Department received information from neighboring citizens stating that they observed a male wearing a red sweatshirt, retrieve a bag from the Defendant Ford.

23.  Officers located the Defendant Ford in a parking lot on Hillcrest Ave., within walking distance from the Morales Residence. The male described by the neighboring residents was not present.

24.  Berrios waived her *Miranda* rights and agreed to voluntarily speak with law enforcement. She stated that the Defendant Ford was hers and said that Morales occasionally used the vehicle.

25.  She stated that she was unaware that there were any narcotics in her residence, aside from a small quantity of marijuana.

26.  Prior to October 20, 2021, Morales was observed operating the Defendant Ford while engaging in narcotic transactions.

27.  Law enforcement conducted controlled buys from Morales out of the Defendant Ford.

28.  Ares is the titled and registered owner of both vehicles.

29.  As most members of the Rodriguez DTO did not have valid driver's licenses, Ares would register the vehicles in his name while other members of the Rodriguez DTO would drive the vehicles.

30. Morales drove the Defendant Ford, which was observed facilitating drug sales to Rodriguez DTO customers on multiple occasions.

31. Ares drove the Defendant Honda, which was also observed facilitating drug sales to Rodriguez DTO customers on multiple occasions.

32. Both vehicles were used to facilitate the sale of narcotics and were purchased with proceeds from the sale of narcotics.

33. On December 7, 2022, Ares entered a plea of guilty to Counts One and Twenty-One of the Indictment in *United States v. Rodriguez et al.*, N.D.N.Y. Criminal No. 5:21-CR-383 (DNH).  Count One charged Ares, and others, with conspiracy to possess and to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and Count Twenty-One charged Ares with knowingly and intentionally possessing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

34. In the "Factual Basis for Guilty Plea" section of his written Plea Agreement, Ares admitted that he conspired with Ivan Rodriguez ("Rodriguez"), Ivan Rodriguez, Jr. ("Rodriguez, Jr."), Morales, and others, in the Rodriguez DTO, to possess with the intent to distribute and to distribute fentanyl and a mixture of fentanyl/heroin in and around Oneida County and elsewhere.

35. He admitted that he made numerous trips to the New York City area to purchase fentanyl from the Rodriguez DTO's source of supply, which he then drove back to the Utica area where he, and others acting on his behalf, re-distributed the fentanyl.

36. Ares also admitted in his Plea Agreement that on September 20, 2021, at the direction of Rodriguez, and in a vehicle rented for him by Rodriguez, Jr., he drove to the meet the Rodriguez DTO's source of supply in the New York City area.  While in the New York City area, he received three kilograms of fentanyl for redistribution in Central New York.

37. He admitted that he hid the three kilograms of fentanyl in a speaker located inside the trunk compartment of the rental vehicle. During his return drive to the Utica region, Ares was lawfully stopped by law enforcement officers who found the three kilograms of fentanyl concealed in the speaker in the trunk of the rental car driven by Ares.

38. Lastly, Ares admitted in his Plea Agreement to having personally obtained $150,000 in unrecovered proceeds in connection with his drug trafficking activity.

## CONCLUSION

39. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Vehicles to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Vehicles to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: November 20, 2023

CARLA B. FREEDMAN
United States Attorney

By:   */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF SYRACUSE       )

Ryan M. Phelan, being duly sworn, deposes and states:

I am a Special Agent with the United States Drug Enforcement Administration (DEA). I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 20th day of November, 2023.

_____
Ryan M. Phelan, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 20th day of November, 2023.

_____
Notary Public

MARIANNE A. MEIGS
Notary Public - State of New York
Qualified in Onondaga Co. No. 01ME5030983
My Commission Expires October 24, 2026